**Edwin A. Harnden**, OSB No. 721129
eharnden@barran.com
**Chris M. Morgan,** OSB No. 175384
cmorgan@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND

| | |
|---|---|
| MARTIN GARFIAS, an individual | **Case No. 3:20-cv-00873-IM** |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |
| PORTLAND SPRAY WORKS, INC., DBA ALL TRADES GENERAL CONTRACTORS | **(Demand for Jury Trial)** |
| Defendant. | |

Defendant Portland Spray Works, Inc., dba All Trades General Contractors (referred to herein as "Defendant"), hereby responds to Plaintiff Martin Garfias' ("Plaintiff") Complaint as follows:

1.

Defendant states that paragraph 1 does not require a response. However, to the extent that a response is required, Defendant denies any and all allegations as stated in paragraph 1.

2.

Defendant admits that federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

Page 1 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

3.

Defendant admits that it is a domestic business corporation with its principle place of business in Multnomah County, Oregon. It further admits that venue is proper in the United States District Court for the District of Oregon, Portland Division. However, it denies any and all remaining allegations contained in paragraph 3, including a denial that all events giving rise to Plaintiff's complaint occurred in Multnomah County, Oregon.

4.

Defendant admits the allegations as stated in paragraph 4, although Plaintiff performed work at locations outside of Multnomah County, Oregon.

5.

Based upon its present knowledge, Defendant admits the allegations as stated in paragraph 5.

**FACTUAL ALLEGATIONS**

6.

Defendant denies that Plaintiff performed well at his job, or that he "earned a personal 'pat on the back' from company owner Steve Donofrio." Defendant further denies that the job duties as listed in paragraph 6 are an exhaustive list of the duties which Plaintiff was expected to perform during the course of his employment. Defendant admits the remaining allegations as stated in paragraph 6.

7.

Defendant denies Plaintiff's statement that he "led safety meetings for the carpenter crew." Defendant admits the remaining allegations as stated in paragraph 7.

8.

Defendant denies the entirety of the allegations as stated in paragraph 8.

///

Page 2 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

9.

Defendant denies the entirety of the allegations as stated in paragraph 9.

10.

Defendant admits that, on or about May 23, 2019, a letter from Plaintiff's medical provider was given to representatives for Defendant, which stated: "Martin Garfias is currently under my medical care and may return to work at this time with restrictions. Activity is restricted as following: no lifting over 20 lbs." Defendant denies the remaining allegations as stated in paragraph 10.

11.

Defendant admits that it informed other employees of the Plaintiff's lifting restrictions, informed crew members that they should abide by these restrictions, and informed crew members that they should assist Plaintiff if he required any assistance. Defendant further admits that Plaintiff continued to do his work "without issue." Defendant denies any and all remaining allegations as stated in paragraph 11.

12.

Defendant denies the entirety of the allegations as stated in paragraph 12.

13.

Defendant admits that Plaintiff sometimes required a leave of absence in the middle of the work day to attend medical appointments, and that he took intermittent time off to attend those medical appointments. Defendant denies the remaining allegations as stated in paragraph 13.

14.

Defendant admits that, on July 9, 2019, Plaintiff sent a picture (via text message) to representatives for Defendant (including Luis Ortega), which stated "Martin Garfias was seen in my clinic on 7/9/19. He may return to work on 7/11/19. If you have any questions or concerns

please don't hesitate to call." Defendant denies the remaining allegations as stated in paragraph 14.

15.

Defendant admits that Plaintiff was terminated from his employment on or about July 11, 2019. Defendant denies the remaining allegations as stated in paragraph 15.

16.

Defendant denies the entirety of the allegations as stated in paragraph 16.

**FIRST CLAIM – FAMILY MEDICAL LEAVE ACT VIOLATIONS**

**(FMLA violations, 29 U.S.C. § 2601 et seq.)**

**(Count 1 – FMLA Interference)**

17.

Defendant denies the allegations as stated in paragraphs 17 – 19.

**(Count 2 – FMLA Discrimination)**

18.

Defendant denies the allegations as stated in paragraphs 20 – 22.

**SECOND CLAIM – OREGON FAMILY LEAVE ACT VIOLATIONS**

**(FMLA violations, 29 U.S.C. § 2601 et seq.)**

**(Count 1 – OFLA Interference)**

19.

Defendant denies the allegations as stated in paragraphs 23 – 25.

**(Count 2 – OFLA Discrimination)**

20.

Defendant denies the allegations as stated in paragraphs 26 – 28.

/ / /

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## THIRD CLAIM – OREGON SICK LEAVE RETALIATION VIOLATION

### 21.

Defendant denies the allegations as stated in paragraphs 29 – 31.

## FOURTH CLAIM – WORKERS COMPENSATION DISCRIMINATION

### 22.

Defendant denies the allegations as stated in paragraphs 32 – 34.

## AFFIRMATIVE DEFENSES

Without assuming Plaintiff's burden of proof, Defendant sets forth the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief:  Family Medical Leave Act Violations)

### 23.

Plaintiff's first claim against Defendant alleging violations of the Family Medical Leave Act is barred because it fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief: Oregon Family Leave Act Violations)

### 24.

Plaintiff's second claim against Defendant alleging violations of the Oregon Family Leave Act is barred because it fails to state a claim for relief.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief:  Oregon Sick Leave Violations)

### 25.

Plaintiff's third claim against Defendant alleging violations of Oregon Sick Leave laws, including all related statutes, is barred because it fails to state a claim for relief.

Page 5 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief:  Workers Compensation Discrimination)

26.

Plaintiff's fourth claim against Defendant alleging Workers' Compensation discrimination, including discrimination in violation of all related statutes, is barred because it fails to state a claim for relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

27.

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, as set forth in further detail in Defendant's Counterclaims below.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

28.

Plaintiff's claims are barred, in whole or in part, because Plaintiff could have mitigated the alleged monetary damages through the exercise of reasonable diligence and failed to do so.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

29.

The claims alleged by Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Bad Faith)

30.

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint was brought in bad faith.

Page 6 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## COUNTERCLAIMS

31.

Portland Spray Works, Inc., dba All Trades General Contractors ("Defendant") realleges its Answer to the Complaint of Martin Garfias ("Plaintiff") and incorporates that Answer herein by this reference. By way of separate Answer and Counterclaims, Defendant alleges and avers as follows:

### JURIDICTION AND VENUE

32.

This is an action for legal and equitable relief for misappropriation of trade secrets in violation of the Oregon Uniform Trade Secrets Act, ORS 646.461 to 646.475, interference with contract or business expectancy, interference with present and future economic relations, and breach of fiduciary duty/duty of loyalty.

33.

Plaintiff resides in Oregon. Defendant is an Oregon corporation and transacts business in Oregon, including Multnomah County, Oregon. Jurisdiction is proper because Plaintiff brought his action in the Federal District Court for the District of Oregon.

### PARTIES

34.

Defendant is an Oregon corporation authorized to do business in the state of Oregon and conducts business in Multnomah County and various other counties in the state of Oregon.

35.

Plaintiff was employed by Defendant until the time of his separation on or about July 11, 2019.

/ / /

/ / /

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## FACTUAL BACKGROUND

### 36.

Defendant is a contractor who provides materials, components, and installation services of building projects.  Defendant enters into contracts and business relationships with general contractors and project developers in connection with providing these construction elements and services.

### 37.

Upon information and belief, Plaintiff, while he was employed by Defendant and thereafter, worked in concert with another former employee of Defendant, Raul Gutierrez, to steal and unlawfully misappropriate trade secret information of Defendant.

## FIRST CLAIM FOR RELIEF

## (Misappropriation of Trade Secrets)

### 38.

Defendant realleges paragraphs 31-37.

### 39.

In the course of its business, Defendant has compiled trade secret information.  Defendant devoted substantial time, energy, investment, and expense to the development and refinement of its trade secret information.  Defendant has also incurred costs in maintaining its trade secret information, including its client list, customer data base, sales information, and financial information related to sales, including amount of sales to customers and percentage markup to customers.

### 40.

As an employee and representative of Defendant, Plaintiff was entrusted with and had access to confidential trade secret information of Defendant and knew that, during the course of his employment and thereafter, he was to keep that information confidential and not disclose it to

Page 8 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

third parties.

41.

Defendant has a protectable interest in its trade secrets and competitively sensitive confidential and business information. In his position with Defendant, Plaintiff had access to and knowledge of Defendant's trade secret information, including but not limited to:

    a. Defendant's list of customers and certain prospective customers ("customer lists");

    b. The names and contact information of Defendant's customers and potential customers, the arrangements with those customers, and other details relating to business transactions ("customer information");

    c. Details regarding sales, sales history, pricing, and other sales information regarding Defendant's customers ("sales information");

    d. Bid sheets/proposal forms of Defendant ("forms"); and

    e. Compilations, programs, devices, methods, techniques, and processes with regard to the information described above ("compilations, programs, devices, techniques, and processes").

Said information is hereinafter referred to collectively as "trade secret information."

42.

Plaintiff has retained, disclosed, made public, and otherwise misappropriated the confidential and trade secret information of Defendant and specifically trade secret information regarding customer lists, customer information, sales information, forms, and compilations, programs, devices, techniques, and processes.

43.

Plaintiff had a duty to maintain the secrecy of the trade secret information and not disclose that information to third parties or the public, including competitors of Defendant.

/ / /

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

44.

Plaintiff had a duty to return to Defendant its trade secret information upon his departure from Defendant.

45.

Defendant made efforts that were reasonable under the circumstances to maintain the secrecy of its trade secrets.

46.

Plaintiff worked in concert with another former employee of Defendant, Raul Gutierrez, to steal and unlawfully misappropriate trade secret information created by Defendant, including but not limited to:

  a.  Current job site client lists;

  b.  Bid sheet proposal forms developed by Defendant; and

  c.  Other trade secret information of Defendant.

47.

In October of 2019, Plaintiff formed a competing entity, Big Pops Construction, LLC (Oregon Registry No. 1608956-95) with its principal place of business in Keizer, Oregon.  Plaintiff is listed as the Registered Agent of Big Pops Construction, LLC.

48.

Plaintiff, acting in concert with Raul Gutierrez, used Defendant's trade secret information to bid on a project with one of Defendant's prospective clients, D.R. Horton, using forms nearly identical to the forms used by Defendant. Plaintiff personally signed the bid proposal on behalf of Big Pops Construction.

49.

Defendant is informed and believes and therefore alleges that Plaintiff has retained, used, and otherwise misappropriated trade secret information of Defendant.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

50.

As a result of the acts complained of, Defendant has suffered and will suffer damages for actual loss caused by Plaintiff's misappropriation of its trade secret information, including but not limited to costs and expenses of creating trade secret information, costs associated with maintaining and updating customer data, sales data, and forms.  Defendant will seek damages in an amount to be proven at trial.

51.

Plaintiff's misappropriation, retention, and disclosure of Defendant's trade secret information was and is willful and malicious and therefore Defendant is entitled to an award of exemplary damages in an amount two times the amount of damages awarded to Defendant pursuant to ORS 646.465.

52.

Defendant has been required to retain counsel and commence this litigation in order to prevent the continued misappropriation of its trade secrets and has incurred additional damages in the form of costs, expenses, and attorneys' fees.  Because the misappropriation by Plaintiff was knowing, willful, and malicious, Defendant is entitled to an award of reasonable attorneys' fees pursuant to ORS 646.467.

53.

Unless enjoined and restrained by this Court, Plaintiff will continue to retain trade secret information belonging to Defendant and therefore is in a position to continue to use and disclose the trade secrets of Defendant on behalf of himself and Big Pops Construction to third parties, including Defendant's competitors.

54.

Because of the difficulty of measuring both damages and future harm, Defendant has an inadequate remedy at law and is entitled to an order enjoining the conduct of Plaintiff.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## SECOND CLAIM FOR RELIEF

### (Interference With Contract or Business Expectancy)

55.

Defendant realleges paragraphs 31-54.

56.

Plaintiff, by engaging in the activities alleged above and other activities, has intentionally interfered with Defendant's agreements, arrangements, and relationships or potential agreements, arrangements, and relationships with customers and/or prospective customers of Defendant.

57.

Plaintiff's intentional interference with Defendant's customers and/or prospective customers was for an improper purpose in that it was motivated by Plaintiff's desire to have prospective customers align with him and others working in concert with him, including Raul Gutierrez and Big Pops Construction, rather than with Defendant.

58.

The interference described above was accomplished through the use of improper means that by breaching his duty of loyalty to Defendant.

59.

As a consequence, Defendant has suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Interference With Present and Future Economic Relations)

60.

Defendant realleges paragraphs 31-59.

61.

By its acts, Plaintiff has intentionally interfered with the present and future economic relations of Defendant.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

62.

At the time of the interference, Defendant had business relationships or expectancy with the probability of future economic benefit to Defendant.

63.

Plaintiff knew of the existence of the relationships or expectancy.

64.

As a consequence of the foregoing, Defendant has suffered and will continue to suffer damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Fiduciary Duty/Duty of Loyalty)**

65.

Defendant realleges paragraphs 31-64.

66.

As a representative and employee of Defendant holding a position of trust and confidence, Plaintiff owed a fiduciary duty/duty of loyalty to Defendant requiring that he act at all times in Defendant's interest and not take actions materially detrimental to Defendant.

67.

Plaintiff breached his duty of loyalty to Defendant by acting for his own benefit rather than Defendant's benefit by engaging in the following acts, among others:

    a.  On information and belief, using Defendant's equipment and resources on behalf of himself; and

    b.  Without consent or authorization of Defendant, retaining property and/or information belonging to Defendant.

/ / /

/ / /

Page 13 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

68.

As a consequence of the foregoing, Defendant has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant prays for an order as follows:

(1) Judgment in its favor on all claims asserted in Plaintiff's Complaint, and for an award of costs and disbursements with respect to that judgment.

(2) Judgment in its favor on all of its counterclaims as asserted herein.

(3) That Defendant is entitled to injunctive relief enjoining Plaintiff or anyone acting in concert with him from retaining, disclosing, using, or misappropriating Defendant's trade secrets and confidential information.

(4) That Plaintiff be ordered to immediately return all copies of Defendant's confidential and trade secret information in his possession, custody, or control.

(5) That Plaintiff be ordered to produce his personal devices and account passwords for forensic examination by an independent forensic examiner including providing Defendant with a mirror image of Defendant's information on his laptop computer.

(6) That Defendant be awarded economic damages in an amount to be proven at trial.

(7) That Defendant be awarded exemplary damages in an amount not to exceed twice any award of damages upon proof of a violation of the Oregon Trade Secrets Act by Plaintiff.

(8) That Defendant be awarded its reasonable attorneys' fees and costs upon proof of a violation of the Oregon Trade Secrets Act by Plaintiff.

/ / /

/ / /

Page 14 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

(9)  That Defendant be awarded its expert witness fees incurred herein, if any.

(10)  That Defendant be awarded such additional relief as the Court deems just and proper.

DATED this 30th day of June 2020.

BARRAN LIEBMAN LLP

By:   s/ *Chris M. Morgan*
     Edwin A. Harnden, OSB No. 721129
     eaharnden@barran.com
     Chris M. Morgan, OSB No. 175384
     cmorgan@barran.com

Attorneys for Defendant

Page 15 - DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2020, I served the foregoing

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** on

the following parties at the following addresses:

> Jon Weiner
> Law Office of Jon Weiner
> 1415 Commercial Street S.E.
> Salem, OR 97302
> jweiner@nw-attorneys.com
>
> Attorney for Plaintiff

by the following indicated method or methods set forth below:

☒ **Electronic Filing using the Court's ECF System**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

☐ **Overnight courier, delivery prepaid**

☒ **Email**

_s/ Chris M. Morgan_
Edwin A. Harnden
Chris M. Morgan

CERTIFICATE OF SERVICE