Jon Weiner
jweiner@nw-attorneys.com
The Law Office of Jon Weiner
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| MARTIN GARFIAS, an individual,<br>Plaintiff, | Case No. 3:20-cv-00873-IM<br><br>**MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); MOTION TO DISMISS/MAKE MORE DEFINITE DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12(e))** |
| Portland Spray Works, Inc.,<br>dba All Trades General Contractors,<br><br>Defendant. | |

1.

Plaintiff, MARTIN GARFIAS, hereby moves to Strike Defendant's eight

Affirmative Defenses and to dismiss its four Counterclaims. Defendant fails to state a claim as

to its Oregon Trade Secrets Act (OTSA) counterclaim and each of its remaining counterclaims,

Page 1 – MOTION TO STRIKE AFFIRMATIVE DEFENSES
(FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE
DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

which are based on Oregon common law. The Oregon common law counterclaims are also preempted by the OTSA. To the extent this Court declines to dismiss one or more of Defendant's counterclaims, Plaintiff moves in the alternative for an Order requiring Defendant to make those counterclaims more definite and certain. Plaintiff also moves to dismiss Defendant Portland Spray Works dba All Trades General Contractors' ("All Trades'") affirmative defenses because they constitute "insufficient defenses" for purposes of Fed.R.Civ.p. 12(f). Seven of those eight affirmative defenses consist of merely a single sentence repeating the name of the defense.

## DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

2.

An answer must "affirmatively state any avoidance or affirmative defense." Fed.R.Civ.P. 8(c). Such defenses must be stated "in short and plain terms." Fed.R.Civ.P. 8(b)(1)(A).

Fed. R. Civ. P. 12(f) allows the Court to strike a pleading or portions of a pleading. *MGA Entm't, Inc. v. Mattel, Inc*., 2005 WL 5894689, at 4 (CD. Cal. 2005). A court views a motion to strike in the light most favorable to the non-moving party. Under Rule 12(f), a court may strike an affirmative defense if it presents "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

3.

The 9th Circuit has held that"[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 78 (1957)). Courts in the District of Oregon have found "fair notice" to be a less stringent plausibility standard than the factual standard held in *Twombly and Iqbal*. *Alayan Alayan*, No. 3:15–CV–02426–MO, 2016 WL 2841206, at *2. However, even the fair notice standard requires that the

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

defendant state at least the nature and grounds for the affirmative defense. *Id.* at *3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

*Federal Trade Commission v. Adept Management, Inc*, 1:16-CV-00720–CL, 2016 WL 6542837 (D. Or., November 3, 2016) is materially indistinguishable from the matter at hand. In that case, the Federal Trade Commission (FTC) asserted claims under the Federal Trade Commission Act against a large number of corporate entities, groups and individuals.  The FTC's case was based on the allegation that the defendants engaged in a nationwide campaign of misrepresentation in order to solicit newspaper renewals and magazine subscriptions. *Id.* at *1. The defendants asserted eleven affirmative defenses, none of which "include[d] a single factual allegation other than the conclusory recitation of the defense, with the appropriate party and pronoun specified." The court dismissed the defenses, reasoning, "The Court finds that such conclusory statements do not meet even the lower pleading standard required in the Ninth Circuit for affirmative defenses. "*Id*. at *3.

4.

Seven of defendant's eight affirmative defenses are materially indistinguishable from the insufficient defenses in *Federal Trade Commission v. Adept*.  The only exception is defendant's "unclean hands" defense, which at least incorporates by reference defendant's OTSA counterclaim via an additional sentence. These seven defenses should be stricken because they are clearly insufficient.  Plaintiff asserts other grounds for dismissal of Defendant's unclean hands defense.

5.

**Defendant's First Affirmative Defense Should be Stricken**

The entirety of Defendant's First Affirmative Defense consists of the single following sentence: "Plaintiff's first claim against Defendant alleging violations of the Family Medical

Page 3 – MOTION TO STRIKE AFFIRMATIVE DEFENSES
(FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE
DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

LAW OFFICE OF JON WEINER
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

Leave Act is barred because it fails to state a claim for relief." Other than restate the title of the

affirmative defense, defendant provides precisely zero information regarding which aspect of

plaintiff's pleading is deficient.  Consequently, Plaintiff is simply left to figure it out on his own.

Perhaps plaintiff failed to include an element?  If so, which element? Perhaps Plaintiff pled a fact

that kills one of his claims?  Did plaintiff's pleading contain some logical inconsistency that

establishes Plaintiff is not entitled to relief?  Defendant's affirmative defense provides no useful

information other than the title of the defense.  This affirmative defense should be stricken.

6.

**Defendant's Second Affirmative Defense Should be Stricken**

The entirety of Defendant's Second Affirmative Defense consists of the following single

sentence: "Plaintiff's second claim against Defendant alleging violations of the Oregon Family

Leave Act is barred because it fails to state a claim for relief."  Defendant's Second Affirmative

Defense suffers from the same infirmity as his First Affirmative Defense.  Plaintiff incorporates

by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative

defense provides no useful information other than the title of the defense.  This affirmative

defense should be striken.

**Defendant's Third Affirmative Defense Should be Stricken**

7.

The entirety of Defendant's Third Affirmative Defense consists of the following single

sentence: "Plaintiff's third claim against Defendant alleging violations of Oregon Sick Leave

laws, including all related statutes, is barred because it fails to state a claim for relief."

Defendant's Third Affirmative Defense suffers from the same infirmity as his First Affirmative

Defense. Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

4. Defendant's affirmative defense provides no useful information other than the title of the defense. This affirmative defense should be stricken.

**Defendant's Fourth Affirmative Defense Should be Stricken**

8.

The entirety of Defendant's Fourth Affirmative Defense consists of the following single sentence: "Plaintiff's fourth claim against Defendant alleging Workers' Compensation discrimination, including discrimination in violation of all related statutes, is barred because it fails to state a claim for relief." Defendant's Fourth Affirmative Defense suffers from the same infirmity as his First Affirmative Defense. Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative defense provides no useful information other than the title of the defense. This affirmative defense should be stricken.

9.

**Defendant's Fifth Affirmative Defense Should be Stricken**

The entirety of Defendant's Fifth Affirmative Defense consists of the following single sentence: "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, as set forth in further detail in Defendant's Counterclaims below." Although Defendant's Fifth Affirmative Defense does include reference to its counterclaims, it should be dismissed because the Counterclaims upon which it relies fail to state a claim. Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative defense provides no useful information other than the title of the defense. This affirmative defense should be stricken.

**Defendant's Sixth Affirmative Defense Should be Stricken**

10.

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

The entirety of Defendant's Sixth Affirmative Defense consists of the following single sentence: "Plaintiff's claims are barred, in whole or in part, because Plaintiff could have mitigated the alleged monetary damages through the exercise of reasonable diligence and failed to do so." Defendant's Sixth Affirmative Defense suffers from the same infirmity as his First Affirmative Defense.  Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative defense provides no useful information other than the title of the defense.  This affirmative defense should be stricken.

**Defendant's Seventh Affirmative Defense Should be Stricken**

11.

The entirety of Defendant's Seventh Affirmative Defense consists of the following single sentence: "The claims alleged by Plaintiff are barred, in whole or in part, by the doctrine of estoppel." Defendant's Seventh Affirmative Defense suffers from the same infirmity as his First Affirmative Defense.  Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative defense provides no useful information other than the title of the defense.  This affirmative defense should be stricken.

**Defendant's Eight Affirmative Defense Should be Stricken**

12.

The entirety of Defendant's Eighth Affirmative Defense consists of the following single sentence: "Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint was brought in bad faith." Defendant's Eighth Affirmative Defense suffers from the same infirmity as his First Affirmative Defense.  Plaintiff incorporates by reference the allegations and reasoning set forth in Paragraph 4. Defendant's affirmative defense provides no useful information other than the title of the defense.  This affirmative defense should be stricken.

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

As in *Federal Trade Commission v. Adept Management, Inc.*, seven of defendant's eight affirmative defenses should be stricken. Defendant's unclean hands defense should also be stricken for the reasons set forth in Paragraph 9, above.

## DEFENDANT'S COUNTERCLAIMS SHOULD BE DISMISSED

### 13.

A well-pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2)(2011). The rules do not require that a complaint detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. While a court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### 14.

**Defendant's First Counterclaim Should be Dismissed**

Defendant's First Claim Should be Dismissed for failure to state a claim under Fed.R.Civ.P 12(b)(6). In order to state a claim for misappropriation of a trade secret under Oregon's Uniform Trade Secrets Act (OTSA), defendant must sufficiently allege.

> (1) the information that is the subject of the misappropriation claim must qualify as a trade secret under the Oregon statute; (2) the plaintiff must have employed reasonable measures to maintain the secrecy of its information; and (3) the conduct of the defendant

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

must constitute misappropriation under the statute. *University Accounting Service, LLC v. Schulton*, No. 3:18-cv-1486-SI, 2019 WL 2425122, at 5.

15.

The OTSA defines "trade secret" as "information ... that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Or. Rev. Stat. § 646.461(4). "[A] Plaintiff must "identify its alleged trade secrets with sufficient particularity so that defendants are able to determine whether the information in question was in fact secret and whether it was in fact not readily ascertainable through appropriate means." *Vesta Corp. v. Amdocs Management Ltd.*, 80 F.Supp.3d 1152, 1164 (2015) (Citing *Jamison v. Olin Corp.–Winchester Div.*, No. 03–1036–KI, 2005 WL 7213837, at *9 (D.Or. Oct. 4, 2005) report and recommendation adopted, No. 03–1036–KI, 2005 WL 2897036 (D.Or. Nov. 3, 2005).

16.

As noted in *Vesta*, the following examples are cases where the descriptions of trade secrets in a court that were held to be too broad, meaningless, or not sufficiently specific to enable the defendant to understand what it has been accused of misappropriating:

> "business methodologies, formulas, devices, and compilations of information, including suppliers and customers ...." *Medafor, Inc. v. Starch Med. Inc.*, No. 09–CV–0441 PJS/FLN, 2009 WL 2163580, at *1– 2 (D.Minn. July 16, 2009).

> "customer lists, customer identity, customer contact information and confidential information about each customer's business, purchase and credit information, sales and operation procedures, software, system architecture, financial data, sales and marketing strategies and data, lists, statistics, programs, research, development, employee, personnel

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

and contractor data, information and records, and information relating to products offered by [Plaintiff]." *Am. Registry, LLC v. Hanaw*, No. 2:13–CV–352–FTM–29, 2013 WL 6332971, at *3 (M.D.Fla. Dec. 5, 2013) (noting that this list is "nearly identical to the list of confidential and proprietary information contained in the parties' agreement"); and "drawings, process, specifications, procurement specification and other technical knowhow ..." *Lycoming Engines v. Superior Air Parts, Inc*., No. 3:13–CV–1162–L, 2014 WL 1976757, at *8 (N.D.Tex. May 15, 2014)."


17.

In defendant's OTSA counterclaim, the alleged "trade secrets" at issue are described as follows:

41.

"Defendant has a protectable interest in its trade secrets and competitively sensitive confidential and business information. In his position with Defendant, Plaintiff had access to and knowledge of Defendant's trade secret information, including but not limited to:

> a. Defendant's list of customers and certain prospective customers ("customer lists");
>
> b. The names and contact information of Defendant's customers and potential customers, the arrangements with those customers, and other details relating to business transactions ("customer information");
>
> c. Details regarding sales, sales history, pricing, and other sales information regarding Defendant's customers ("sales information");
>
> d. Bid sheets/proposal forms of Defendant ("forms"); and
>
> e. Compilations, programs, devices, methods, techniques, and processes with regard to the information described above ("compilations, programs, devices, techniques, and processes").

Said information is hereinafter referred to collectively as "trade secret information."

Page 9 – MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

42.

Plaintiff has retained, disclosed, made public, and otherwise misappropriated the confidential and trade secret information of Defendant and specifically trade secret information regarding customer lists, customer information, sales information, forms, and compilations, programs, devices, techniques, and processes."

*Def. Ans., Aff. Def, and Cntr Clms*, ¶41, 42.

18.

The breadth, vagueness, and generality of Defendant's alleged trade secrets are nearly identical to the list cites by the Vesta Court as insufficient. Defendant's purported trade secret information includes:

- **"arrangements made" with customers** - This provides no information as to which types of "arrangements" defendant may be referring. Such arrangements could be reasonably read to include the day of the week work was scheduled to start, whether a customer preferred a particular employee, whether defendant agreed to perform a certain type of work it does not usually perform, or whether defendant agreed to perform work on Christmas Eve. Defendant provides no clue as to which subset of this broad set of materials it is asserting to be trade secrets.

- **"details regarding sales"** – As with "arrangements made," there are a plethora of details regarding sales. As Defendant's pleading stands now, its trade secrets include every single detail relating to every single sale every made.

- "**other sales information**" – "other sales information" describes an indiscernible set of information "bid sheets/proposal forms." Were these documents that were procured from Office Depot or Nolo Press? Are they of a standard form used in the industry?

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

- **"[c]ompilations, programs, devices, methods, techniques, and processes with regard to"** – the vague and overbroad set of information described above.  Defendant fails to identify any program, device, method, technique or process that it is asserting as a trade secret.  Presumably sales contracts were executed with a pencil or pen.  Is Defendant claiming that every such writing instrument constitutes a trade secret?

- "**other trade secret information**" – this term's vagueness and overbreadth are self-evident.

19.

Defendant's purported trade secrets include every single bit of information and piece of equipment (such as pencils) related to any sale made by defendant – *ever*. As with the examples above, Defendant's descriptions of its alleged trade secrets are so broad, meaningless, and general that Plaintiff is not "able to determine whether the information in question was in fact secret and whether it was in fact not readily ascertainable through appropriate means." *Vesta Corp. v. Amdocs Management Ltd*., 80 F.Supp.3d 1152, 1164 (2015).

20.

Defendant has also failed to articulate any facts supporting the second element of its prima facie case ("the plaintiff must have employed reasonable measures to maintain the secrecy of its information").  Defendant merely mirrors the language of this element by pleading, "Defendant made efforts that were reasonable under the circumstances to maintain the secrecy of its trade secrets." *Def. Ans., Aff. Def and Cntr Clms*, ¶45.  This conclusory statement provides no factual basis for the assertion it makes and no useful information for Plaintiff and Court.  All the information that one can reasonably glean from Defendant's pleading is that Defendant knows how to plead a prima facie case in this context.

21.

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

With respect to the element of misappropriation, Defendant simply avers that "Plaintiff has retained, disclosed, made public, and otherwise misappropriated the confidential and trade secret information of Defendant…." *Def. Ans., Affi.Def. and Cntr.Clms*, ¶42.

The only actual factual allegations proffered by Defendant in support of this claim are:

- Plaintiff was Employed by Defendant, had access to various types of information that defendant considered confidential, and knew he wasn't supposed to disclose the information to third parties;

- Plaintiff worked in concert with another former employee of Defendant, Raul Gutierrez, to steal and use for their own benefit "current job site client lists and Bid Sheet Proposal Forms."

- In October of 2019, Plaintiff formed a competing entity, Big Pops Construction, LLC (Oregon Registry No. 1608956-95) with its principal place of business in Keizer, Oregon. Plaintiff is listed as the Registered Agent of Big Pops Construction, LLC.

- Plaintiff, acting in concert with Raul Gutierrez, used Defendant's trade secret information to bid on a project with one of Defendant's prospective clients, D.R. Horton, using "forms" nearly identical to the forms used by Defendant. Plaintiff personally signed the bid proposal on behalf of Big Pops Construction.

*Def. Ans. Aff. Def. and Cntr. Clms*., ¶35, 40, 41, 42, 46, 47, 48.

22.

In short, the only concrete factual allegation of trade secret misappropriation is that Plaintiff and Raul Gutierrez submitted a bid with one of defendant's prospective clients D.R. Horton, and in doing so used "forms" that were "nearly identical" to the forms used by

Page 12 – MOTION TO STRIKE AFFIRMATIVE DEFENSES
(FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE
DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

Defendant.  That's it.  Defendant provides no description of the documents or their contents, what Plaintiff's position was, whether D.R. Horton's information was contained in any of the confidential information allegedly stolen by Plaintiff, and what confidential information – if any – Plaintiff used to bid on a D.R. Horton job.

23.

Factually, Defendant's Counterclaim boils down to the assertion that Plaintiff bid on a job with D.R. Horton using forms "nearly identical" to the forms used by Defendant. We have no idea what those forms were, what was in them, how they were similar, or what steps Defendant took to maintain their secrecy.  Defendant's actual factual assertions fail to state a claim and its Counterclaim should be dismissed.  To the extent this Court denies Plaintiff's Motion, Plaintiff requests that Defendant be ordered to make this Counterclaim more definite pursuant to Fed.R.Civ.P. 12(e).

**Defendant's Second Counterclaim (Interference with Contract or Business Expectancy) Should be Dismissed**

24.

In order to state a claim for intentional interference with contractual relations, a plaintiff "must allege each of the following elements: (1) the existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages." *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841, 844 (1995) (citations omitted).

25.

Page 13 – MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

LAW OFFICE OF JON WEINER
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

With respect to the first element, Defendant has failed to identify the existence of even one relationship (e.g. – contract or prospective economic advantage) with which Plaintiff interfered.  Did Defendant have a contract or non-speculative business expectancy with respect to D.R. Horton? If there was a contract or non-speculative expectancy, what was that expectancy and what were the facts that support the assertion that there an expectancy actionable under this Tort?  Defendant has identified D.R. Horton as the entity that received a bid from Plaintiff's company, but alleges no facts as to the existence of a business relationship with D.R. Horton. Moreover, Defendant does not even make the conclusory representation that such a relationship existed.

26.

With respect to the second element, Defendant has failed to identify the manner in which plaintiff interfered with the unidentified relationship.

27.

With respect to the fifth element, Defendant has failed to identify the causal effect between the unidentified interference and damage to the unidentified economic relationship. Defendant has also failed to identify the damage to the unidentified economic relationship.

28.

Finally, with respect to the sixth element, Defendant has failed to identify any damages suffered as the result of the unidentified interference with the unidentified relationship.

29.

Defendant's actual factual assertions fail to state a claim and its Counterclaim should be dismissed.  To the extent this Court denies Plaintiff's Motion, Plaintiff requests that Defendant be ordered to make this Counterclaim more definite pursuant to Fed.R.Civ.P. 12(e).

30.

LAW OFFICE OF JON WEINER
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

Defendant's counterclaim should also be dismissed on the basis that it is preempted by the OTSA, as set forth below.

**Defendant's Third Counterclaim (Interference with Present and Future Economic Relations) Should be Dismissed**

31.

In order to state a claim for intentional interference with economic relations, a plaintiff must plead: 1) the existence of a present or prospective business or professional relationship; 2) a third party's intentional interference with that relationship; 3) which is accomplished through improper means or for an improper purpose; 4) a causal relationship between the interference and the damage to the relationship, and 5) resulting damages. *McGanty v. Staudenraus*, 321 Or. at 535, 901 P.2d 841 (1995).

32.

With respect to the first element, defendant has failed to identify the existence of one present or non-speculative prospective relationship with which Plaintiff interfered. Did Defendant have a present or non-speculative prospective business relationship with D.R. Horton? If there was a contract or non-speculative prospective relationship, what was that relationship and what were the facts that support the assertion that it was prospective? Defendant has identified D.R. Horton as the entity that received a bid from Plaintiff's company, but alleges no facts as to the existence of a present or non-speculative prospective business relationship with D.R. Horton. Similar to its Second Counterclaim, Defendant does not even make the conclusory representation that such a relationship existed.

33.

With respect to the second element, Defendant has failed to identify the manner in which plaintiff interfered with the unidentified relationship.

Page 15 – MOTION TO STRIKE AFFIRMATIVE DEFENSES (FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

34.

With respect to the fifth element, Defendant has failed to identify the causal effect

between the unidentified interference and damage to the unidentified economic relationship.

Defendant has also failed to identify the damage to the unidentified economic relationship.

35.

36.

Finally, with respect to the sixth element, Defendant has failed to identify any damages

suffered as the result of the unidentified interference with the unidentified relationship.

37.

Defendant's actual factual assertions fail to state a claim and its Counterclaim should be

dismissed.  To the extent this Court denies Plaintiff's Motion, Plaintiff requests that Defendant

be ordered to make this Counterclaim more definite Fed.R.Civ.P. 12(e).

38.

Defendant's counterclaim should also be dismissed on the basis that it is preempted by

the OTSA, as set forth below.

**Defendant's Second, Third, and Fourth Counterclaims are Preempted by OTSA**

39.

Defendant's Second, Third and Fourth Counterclaims should be dismissed because they

preempted by OTSA.

40.

Under OTSA's preemption clause, the Act supersedes "conflicting tort, restitution or

other laws of Oregon providing civil remedies for misappropriation of a trade secret." O.R.S.

646.473(1). Actions seeking contractual and criminal remedies are not affected by the Act.

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

O.R.S. 646.473(2)(a) and (c). Additionally, a plaintiff may still pursue an action for "civil remedies that are not based upon misappropriation of a trade secret." O.R.S. 646.473(b).

41.

Oregon courts have not interpreted this language or addressed the extent to which the Act preempts civil remedies. However,

> "a number of courts in other states have extended the preemptive effect of the same language to claims that are based on the same operative facts as a claim for trade secret misappropriation under the Act. *Penalty Kick Management Ltd. v. Coca Cola Company*, 318 F.3d 1284, 1297–98 (11th Cir.2003) Where the essence of the claim relates primarily to the alleged misappropriation of a trade secret, the claim is displaced by the preemptive language of the Act. *Hutchison v. KFC Corp.*, 809 F.Supp. 68, 72 (D.Nev.1992)."

*Acrymed, Inc. v. Convatec*, 317 F.Supp.2d 1204, 1217 (2004).

42.

The analytical framework set forth in *Acrymed* was reaffirmed verbatim in *K.F. Jacobson.& Co., Inc. v. Gaylor*, 946 F.Supp.2d 1120, 1127 (2013). Of particular relevance here is the proposition that,

> "Where the essence of the claim relates primarily to the alleged misappropriation of a trade secret, the claim is displaced by the preemptive language of the Act. *Hutchison v. KFC Corp.*, 809 F.Supp. 68, 72 (D.Nev.1992)."

*K.F. Jacobson & Co., Inc.*, 946 F.Supp.2d at 1127 (2013).

43.

Defendant seeks recompense for Plaintiff's alleged misappropriation of its "trade secret information." That is Defendant's description of the set of materials that was allegedly

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

misappropriated in contravention of the OTSA. *Def. Ans., Aff. Def. and Cntr. Clms*., ¶39, 41, 46.

Defendant bases its OTSA claim on the assertion that:

> Plaintiff's misappropriation, retention, and disclosure of Defendant's *trade secret*
> *information* was and is willful and malicious and therefore Defendant is entitled to an
> award of exemplary damages in an amount two times the amount of damages awarded to
> Defendant pursuant to ORS 646.465.

*Def. Ans., Aff. Def. and Cntr. Clms*., ¶51 (emphasis added).

44.

Defendant's OTSA counterclaim is incorporated by reference into each of its other

common law tort counterclaims.  All four counterclaims are based on the same set of materials.

Defendant asserts that all of those materials are subject to protection under the OTSA. As

recognized in both *Acrymed* and *K.F. Jacobson,* "Where the essence of the claim relates

primarily to the alleged misappropriation of a trade secret, the claim is displaced by the

preemptive language of the Act." Applying this rule to Defendant's pleadings, there can be but

one logical conclusion: Defendant's three common law counterclaims are preempted.

**CONCLUSION**

Defendant's affirmative defenses should be stricken and its counterclaims dismissed.

DATED: this 28th day of July 2020

> /s/ Jon Weiner
> Jon Weiner, OSB #993944
> jweiner@nw-attorneys.com
> Law Office of Jon Weiner
> 1415 Commercial Street SE
> Salem, Oregon 97302
> Tel: (503) 399-7001
> Fax: (503) 399-0745
> Attorney for Plaintiff

Page 18 – MOTION TO STRIKE AFFIRMATIVE DEFENSES
(FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE
DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Mr. Chris Morgan
Barran Liebman LLP
601 SW 2nd Ave Ste 2300
Portland OR  97204
Tel: 503 276-2144
Email:  cmorgan@barran.com
Attorneys for Defendant

/s/      Jon Weiner
Jon Weiner, OSB #993944
jweiner@nw-attorneys.com
1415 Commercial Street SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiffs

Page 19 – MOTION TO STRIKE AFFIRMATIVE DEFENSES
(FRCP 12(f)); MOTION TO DISSMISS/MAKE MORE DEFINITE
DEFENDANT'S COUNTERCLAIMS (FRCP 12(b)(6), 12 (e))

**LAW OFFICE OF JON WEINER**
Attorneys at Law
1415 Commercial St SE
Salem, OR 97302
Tel. (503) 399-7001
Fax (503) 399-0745