IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARTIN GARFIAS**, <br><br> Plaintiff, <br><br> v. <br><br> **PORTLAND SPRAY WORKS, INC.**, *doing business as* All Trades General Contractors <br><br> Defendant. | Case No. 3:20-cv-00873-IM <br><br> **OPINION AND ORDER** |

John H. Weiner, 1415 Commercial St SE, Salem, Oregon, 97302. Attorney for Plaintiff.

Edwin A. Harnden, Chris M. Morgan, Barran Liebman LLP, 601 SW Second Avenue Suite 2300 Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This matter comes before this Court on Plaintiff Martin Garfias's Motion to Strike Defendant's Affirmative Defenses and Motion to Dismiss/Make More Definite Defendant's Counterclaims, ECF 13, as well as Defendant Portland Spray Works, Inc.'s Motion for Default Judgment, ECF 21. For the following reasons, Plaintiff's Motion to Strike is granted in part, Plaintiff's Motion to Dismiss/Make More Definite Defendant's Counterclaims is granted in part, and Defendant's Motion for Default Judgment is denied.

PAGE 1 – OPINION AND ORDER

# BACKGROUND

Plaintiff Martin Garfias worked for Defendant, Portland Spray Works, Inc., as a carpenter from roughly May 10, 2018 until his termination on July 11, 2019. ECF 1 at ¶ 6. Defendant is a contracting business located in Multnomah County, Oregon. *Id.* at ¶ 3. While working for Defendant, Plaintiff developed a hernia and suffered from bouts of vertigo. He alleges he was discriminated against for pursuing treatment and leave for these conditions. *Id.* at ¶¶ 10–34. Plaintiff brought suit against Defendant on June 1, 2020, alleging Family Medical Leave Act interference and discrimination, Oregon Family Leave Act interference and discrimination, Oregon Sick Leave Act retaliation, and worker's compensation discrimination. *Id.* at ¶¶ 17–34.

In response to Plaintiff's Complaint, Defendant filed an Answer with affirmative defenses and asserted its own counterclaims. ECF 6. Defendant alleges that while Plaintiff was employed by Defendant and thereafter he worked in concert with another former employee, Raul Gutierrez, to steal and misappropriate Defendant's trade secret information. *Id.* at ¶ 37. Defendant alleges Plaintiff formed a competing entity, Big Pops Construction, LLC, in October of 2019 and worked with Raul Gutierrez to steal and misappropriate its trade secret information, including current job site client lists and bid sheet proposal forms. *Id.* at ¶¶ 46–47. Defendant alleges Plaintiff used that information to bid on a project with one of Defendant's prospective clients, D.R. Horton. *Id.* at ¶ 48. Further, Defendant alleges Plaintiff used Defendant's equipment and resources for his own behalf, and retained property and information belonging to Defendant without consent or authorization. *Id.* at ¶ 67.

Based on these facts, Defendant brings claims against Plaintiff for misappropriation of trade secrets under Oregon's Uniform Trade Secrets Act ("OTSA"), *id.* at ¶¶ 38–54, interference with a contract or business expectancy, *id.* at ¶¶ 55–59, interference with present and future economic relations, *id.* at ¶¶ 60–64, and breach of fiduciary duty/duty of loyalty, *id.* at ¶¶ 65–68.

PAGE 2 – OPINION AND ORDER

Defendant seeks injunctive relief for the alleged misappropriation of trade secrets, economic damages "in an amount to be proven at trial," punitive damages, and attorneys' fees and costs. *Id.* at 14–15. Defendant also filed identical counterclaims in a "Third-Party Complaint" against Raul Gutierrez based on the same set of facts alleged against Plaintiff. *See* ECF 8. Raul Gutierrez has yet to make an appearance in this case, and the Clerk of Court entered default against him on September 1, 2020. ECF 18.

Plaintiff[1] subsequently filed a motion to strike several of Defendant's affirmative defenses under Fed. R. Civ. P. 12(f), and a motion to dismiss/make more definite Defendant's counterclaims under Fed. R. Civ. P. 12(b)(6) and 12(e). ECF 13. Separately, Defendant has filed a motion for default judgment against Raul Gutierrez. *See* ECF 21. This Court will address Plaintiff's Motion, ECF 13, and Defendant's Motion, ECF 21, in turn.

## DISCUSSION

### A. Plaintiff's Motion to Strike

#### 1. Legal Standards

An answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Such defenses must be stated "in short and plain terms." Fed. R. Civ. P. 8(b)(1)(A). A court may strike an affirmative defense under Federal Rule of Procedure 12(f) if it presents an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see*

---

[1] Despite the unique procedural posture of the parties, for the sake of simplicity this Court will continue to refer to Plaintiff/Counter-Defendant Martin Garfias as "Plaintiff," and Defendant/Counter-Claimant Portland Spray Works, Inc. as "Defendant."

*also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)).

**2. Analysis**

Following conferral, Defendant represents to this Court that Plaintiff has voluntarily withdrawn its motion with respect to Defendant's first four affirmative defenses, and Defendant has agreed to voluntarily withdraw its sixth and seventh affirmative defenses. ECF 16 at 2–3. Therefore, Plaintiff's only remaining objections under Fed. R. Civ. P. 12(f) pertain to Defendant's fifth and eighth affirmative defenses. *See* ECF 6 at ¶¶ 27, 30.

Defendant's fifth affirmative defense states, "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, as set forth in further detail in Defendant's Counterclaims below." *Id.* at ¶ 27. Plaintiff asks this Court to strike the affirmative defense "because the Counterclaims upon which it relies fail to state a claim." ECF 13 at 5.

Plaintiff's arguments are procedurally improper. Plaintiff is arguing issues of facts and law that are disputed, an inappropriate basis for a Rule 12(f) motion. *See, e.g.*, *Fathers & Daughters Nevada, LLC v. Moaliitele*, No. 3:16–cv–926–SI, 2016 WL 7638187, at *4 (D. Or. Dec. 19, 2016) (noting that a Rule 12(f) motion is not the proper vehicle for a plaintiff to argue disputed issues of facts and law); *J & J Sports Prods., Inc. v. Marini*, NO. 1:16-CV-0477-AWI-

JLT, 2016 WL 6996245, at *3 (E.D. Cal. Nov. 30, 2016) (noting that "a motion to strike is not normally the appropriate method to challenging the substantive sufficiency of a defense"); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 1998) (noting that where there is "a substantial question of fact or a mixed question of law and fact" or "even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike" as such questions are "best determined only after further development"). The Court declines to strike Defendant's unclean hands affirmative defense on this basis. Plaintiff's substantive arguments are more suitably addressed on a motion to dismiss, discussed further below.

Defendant's eighth affirmative defense states, "Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint was brought in bad faith." ECF 6 at ¶ 30. Plaintiff asks this Court to strike the affirmative defense as insufficient because "it provides no useful information other than the title of the defense." ECF 13 at ¶ 12.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citation and quotation marks omitted). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. *See Conley v. Gibson*, 355 U.S. at 47, 78 (1957). The defendant must articulate the affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." *Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-CV-634-IEG (LSP), 2007 WL 2070355, at *2 (S.D. Cal. July 23, 2007) (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999)). Fair notice does not, however, require a detailed statement of facts. *Conley*, 355 U.S. at 47–48. Rather, it only "requires

describing the defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting Wright & Miller, *supra*, § 1274).

This Court finds that the brief sentence that is Defendant's eighth affirmative defense does not provide fair notice to the Plaintiff as required by pleading standards. Fair notice does not demand a detailed statement of facts, but it does require the defendant to state the nature and grounds for the affirmative defense, even if in general terms. Defendant's eighth affirmative defense asserts a conclusory allegation consisting of a title without any subsequent explanation or factual reference. It sets out the nature of the defense but provide no grounds to support it. Accordingly, Plaintiff's motion to strike Defendant's eighth affirmative defense is granted.

**B. Plaintiff's Motion to Dismiss**

    **1. Legal Standards**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not,

however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

**2. Analysis**

**a. Oregon's Uniform Trade Secrets Act**

Plaintiff first argues Defendant's OTSA counterclaim should be dismissed because it does not allege sufficient facts to state a claim for relief. *See* ECF 13 at 7–13. In order to state a claim for misappropriation of trade secret information under OTSA, Defendant must allege: (1) the subject of the claim qualifies as a statutory trade secret; (2) Defendant employed reasonable measures to maintain the secrecy of its trade secrets; and (3) Plaintiff's conduct constitutes statutory misappropriation. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 80 F. Supp. 3d 1152, 1163 (D. Or. 2015) (citing *W. Med. Consultants v. Johnson*, 835 F. Supp. 554, 557 (D. Or. 1993), *aff'd* 80 F.3d 1331 (9th Cir. 1996)); *see also Pelican Bay Forest Prods., Inc. v. W. Timber Prods., Inc.*, 297 Or. App. 417, 427–28 (2019). The parties do not dispute these elements. *See* ECF 13 at 7–8; ECF 16 at 5–6.

Plaintiff first argues that Defendant has not pled with sufficient specificity the trade secret information he is alleged to have misappropriated, the first element of Defendant's OTSA prima facie case. ECF 13 at 8–11. Plaintiff asserts Defendant's descriptions are "so broad, meaningless, and general that Plaintiff is not 'able to determine whether the information in question was in fact secret and whether it was in fact readily ascertainable through appropriate means.'" ECF 13 at 11 (quoting *Vesta Corp.*, 80 F. Supp. 3d at 1164).

OTSA defines "trade secret" as "information . . . that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." O.R.S. § 646.461(4). "[A] trade secret is one of the most elusive and difficult concepts in the law to define. In many cases, the existence of a trade secret is not obvious; it requires an ad hoc evaluation of all the surrounding circumstances." *Kaib's Roving R.PH. Agency, Inc. v. Smith*, 237 Or. App. 96, 103 (2010) (quoting *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 723 (7th Cir. 2003)). For example, when someone expends considerable time, effort, and expense to compile information, that information in its compiled form can, in some circumstances, meet the statutory definition of a trade secret. *Kaib's Roving*, 237 Or. App. at 102–03; *see also Buffets, Inc. v. Klinke*, 73 F.3d 965, 968 (9th Cir. 1996) ("[t]rade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets") (internal quotation marks omitted); *IKON Off. Sols. v. Am. Off. Prods.*, 178 F. Supp. 2d 1154, 1167 (D. Or. 2001), *aff'd*, 61 F. App'x. 378 (9th Cir. 2003) (list of customers can constitute a trade secret when considerable time and money was expended to compile it).

"For this reason, the question of whether certain information constitutes a trade secret ordinarily is best resolved by a fact finder after full presentation of evidence from each side." *Kaib's Roving*, 237 Or. App. at 103 (quoting *Learning Curve Toys, Inc.*, 342 F.3d at 723) (internal quotation marks omitted).

In its counterclaim, Defendant alleges the trade secrets at issue consist of:

> a. Defendant's list of customers and certain prospective customers ("customer lists");
>
> b. The names and contact information of Defendant's customers and potential customers, the arrangements with those customers, and other details relating to business transactions ("customer information");
>
> c. Details regarding sales, sales history, pricing, and other sales information regarding Defendant's customers ("sales information");
>
> d. Bid sheets/proposal forms of Defendant ("forms"); and
>
> e. Compilations, programs, devices, methods, techniques, and processes with regard to the information described above ("compilations, programs, devices, techniques, and processes").

ECF 6 at ¶ 41.

The Court finds Defendant has sufficiently pled the first element of its OTSA claim. Defendant accuses Plaintiff of misappropriating trade secrets by and through the establishment of a competing business and issuance of a competitive bid with one of Defendant's prospective clients. *Id.* at ¶¶ 47–48. In support of this effort, Defendant alleges Plaintiff stole specific categories of information, including Defendant's customer lists, customer contact information, transaction history between customers, pricing and sales information, as well as bid sheets/proposal forms from Defendant. Defendant further alleges that this misappropriated information took the form of "compilations, programs, devices, methods, techniques, and processes." *Id.* at ¶ 41. Read in context and drawing all inferences in Defendant's favor,

PAGE 9 – OPINION AND ORDER

Defendant's description of trade secret information is sufficient at this stage of litigation to qualify as a trade secret under the meaning of the Act. It has also been pled with the requisite specificity needed to allow Plaintiff to determine whether the information in question was in fact secret and whether it was in fact readily ascertainable through appropriate means. Defendant has sufficiently alleged the first element of its OTSA claim.

Plaintiff also asserts that Defendant has failed to articulate any facts to support the second element of its prima facie case, whether "the plaintiff employed reasonable measures to maintain the secrecy of its trade secrets." *Vesta Corp.*, 80 F. Supp. 3d at 1163. Plaintiff argues Defendant merely repeats the language of this element without providing a factual basis to support it. ECF 13 at 11. Plaintiff's assertions are correct.

In support of the second element of its OTSA claim, Defendant summarily alleges it "made efforts that were reasonable under the circumstances to maintain the secrecy of its trade secrets." ECF 6 at ¶ 45. Defendant provides no specific, concrete examples of efforts to keep the alleged trade secret information confidential. To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. This Court will not credit Defendant's legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678–79. Absent specific factual allegations of Defendant's efforts to maintain the secrecy of its information, the Court finds Defendant has not pled facts to sufficiently allege the second element of its OTSA claim.

Finally, Plaintiff argues Defendant has not pled enough facts with respect to the third element of Defendant's OTSA claim. Defendant must allege Plaintiff's conduct "constitutes statutory misappropriation." *Vesta Corp*, 80 F. Supp. 3d at 1163; *see* ECF 13 at 12–13.

PAGE 10 – OPINION AND ORDER

O.R.S.§ 646.461(2)(d)(B), in turn, defines "misappropriation" as "[d]isclosure or use of a trade secret of another without express or implied consent by a person, who at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was . . . [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use[.]"

Defendant's OTSA counterclaim specifically alleges Plaintiff gained access to Defendant's trade secret information while employed by Defendant. ECF 6 at ¶ 37. Defendant alleges Plaintiff, as Defendant's employee, knew that during the course of his employment and thereafter "he was to keep that information confidential and not disclose it to third parties." *Id.* at ¶ 40. Defendant alleges Plaintiff formed a competing entity, Big Pops Construction, LLC in October of 2019. *Id.* at ¶ 47. Defendant alleges Plaintiff worked in concert with another former employee, Raul Gutierrez, to steal its job site client lists and bid sheet proposal forms and bid on a project with one of Defendant's prospective clients, D.R. Horton, using Defendant's forms. *Id.* at ¶¶ 46, 48.

Defendant has specifically alleged an instance of statutory misappropriation, describing Plaintiff's use of bid sheet proposal forms and client lists without Defendant's consent, as well as Plaintiff's apparent duty to maintain the secrecy of that information as a former employee of Defendant's. This Court finds that Defendant has pled sufficient facts regarding the third element of its OTSA claim. Nevertheless, because Defendant has failed to adequately allege the second element of its OTSA claim, the Court grants Plaintiff's motion to dismiss Defendant's OTSA claim on this basis.[2]

---

[2] Plaintiff summarily requests, in the alternative, that in the event the Court denies Plaintiff's request for dismissal, the Court should order Defendant to make this counterclaim more definite pursuant to Fed. R. Civ. P. 12(e). ECF 13 at 13. Because the Court finds Defendant has failed to sufficiently plead its claim under OTSA, the Court declines to address this additional argument.

PAGE 11 – OPINION AND ORDER

### b. Preemption

Plaintiff argues Defendant's second, third, and fourth counterclaims are preempted by OTSA. ECF 13 at 16–18. These claims include interference with a contract or business expectancy, interference with present and future economic relations, and breach of fiduciary duty/duty of loyalty. ECF 6 at ¶¶ 55–68.

Oregon's Uniform Trade Secrets Act "supersede[s] conflicting tort, restitution or other law of Oregon providing civil remedies for misappropriation of a trade secret." O.R.S. § 646.473(1). This provision, however, "shall not affect: . . . Other civil remedies that are not based upon misappropriation of a trade secret." *Id.* at § 646.473(2)(b). While Oregon state courts have not interpreted the language of O.R.S. § 646.473(2)(b), a number of courts in other states interpreting the same language have extended its preemptive effect to claims that are based on the same operative facts as a claim for trade secret misappropriation. These courts reason, "[w]here the essence of the claim relates primarily to the alleged misappropriation of a trade secret, the claim is displaced by the preemptive language of the Act." *Acrymed, Inc. v. Convatec*, 317 F. Supp. 2d 1204, 1217 (D. Or. 2004) (citing *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1297–98 (11th Cir. 2003), and *Hutchison v. KFC Corp.*, 809 F. Supp. 68, 72 (D. Nev. 1992)). Many courts in this district have similarly adopted this reasoning when assessing preemption under OTSA, and this Court will do the same. *See, e.g.*, *Precision Automation, Inc. v. Tech. Servs., Inc.*, No. 07-CV-707-AS, 2007 WL 4480736, at *2 (D. Or. Dec. 14, 2007); *Select Timber Products LLC v. Resch*, No. 3:17-cv-00541-HZ, 2017 WL 3709066, at *5 (D. Or. Aug. 27, 2017).

Defendant's second and third counterclaims, as currently pled, appear entirely premised upon the same operative facts as those alleged to support Defendant's OTSA claim. They boil down to one instance in which Plaintiff submitted a competing bid for one of Defendant's

PAGE 12 – OPINION AND ORDER

prospective clients using Defendant's client lists and bid sheet proposal forms. Defendant fails to provide any additional specific factual allegations as they pertain to these claims of relief, merely incorporating by reference the factual allegations asserted in support of its OTSA claim. *See* ECF 6 at ¶¶ 55, 60. This Court acknowledges "there are numerous ways in which a defendant may interfere with contracts between a plaintiff and its customers for improper purposes or improper means that do not rely on that defendant misappropriating trade secrets," *Precision Automation*, 2007 WL 4480736, at *2, however, Defendant has not alleged those additional facts. Without any separate factual allegations to support these claims, this Court finds the "essence" of these claims relate primarily to the misappropriation of trade secret information, and they are therefore preempted as currently pled by O.R.S. § 646.473(1). *See Acrymed, Inc*, 317 F. Supp. 2d at 1217 ("Where the essence of the claim relates primarily to the alleged misappropriation of a trade secret, the claim is displaced by the preemptive language of the Act.").

     By contrast, Defendant's fourth claim for breach of fiduciary duty appears to be based upon a broader set of factual circumstances than the claim for trade secret misappropriation. Defendant alleges that Plaintiff breached his fiduciary duty to Defendant by using Defendant's equipment and resources for his own benefit, and retaining property and/or information belonging to Defendant without Defendant's consent. ECF 6 at ¶¶ 66–67. Such allegations plausibly describe separate and distinct actions outside of the instance of alleged trade secret misappropriation in Plaintiff's competing bid for D.R. Horton. The equipment, resources, property, and/or information alleged to have been used by Plaintiff encompass a broader category beyond "trade secret" information within the meaning of OTSA. *See Diversified Marine, Inc. v. JT Marine, Inc.*, No. 10-664-JE, 2010 WL 3210848, at *5 (D. Or. Aug. 10, 2010) (finding plaintiff's claim for breach of fiduciary duty based on an alleged improper transfer of

"confidential" information to Defendant was not preempted by OTSA because information can be "confidential" without constituting a "trade secret"). Accordingly, this Court finds Defendant's claim for breach of fiduciary duty/duty of loyalty is not preempted by OTSA as currently pled.[3]

### C. Motion for Default Judgment

Separately, Defendant brings identical counterclaims as those alleged against Plaintiff in a "Third-Party Complaint" against Raul Gutierrez, another former employee. ECF 8. The allegations arise from the same set of underlying facts, asserting Raul Gutierrez worked in concert with Plaintiff Martin Garfias to establish Big Pops Construction, LLC and misappropriated Defendant's trade secrets by submitting a competing project bid with one of Defendant's prospective clients. *Id.* at ¶¶ 18–23. Raul Gutierrez has yet to make an appearance in this case, and the Clerk of Court entered default against him on September 1, 2020. ECF 18. Now, Defendant moves for default judgment against Raul Gutierrez. ECF 21.

#### 1. Legal Standards

The Clerk of the Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Whether to grant a judgment by default is within the discretion of the district court. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir.1987) (per curiam) ("Rule 55 [of the Federal Rules of Civil Procedure] gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default

---

[3] Plaintiff additionally asks this Court to dismiss Defendant's second and third counterclaims for failing to plead sufficient facts in support of these claims. Alternatively, Plaintiff asks this Court to order Defendant to make its second and third counterclaims more definite pursuant to Fed. R. Civ. P. 12(e). ECF 13 at 13−16. Because the Court finds that these claims are preempted by OTSA, the Court declines to address these additional arguments.

PAGE 14 – OPINION AND ORDER

judgment."). The Ninth Circuit has identified seven factors to guide a district court's consideration of whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The "starting point," however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

A default judgment against fewer than all defendants must also comply with Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides:

> [T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than . . . all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

**2. Analysis**

Because Plaintiff Garfias responded to Defendant's counterclaims, this Court must decide whether to exercise its discretion under Rule 54(b) to enter a default judgment against less than all of the answering counterclaim parties. *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (explaining that a district court may exercise its discretion "in the interest of sound judicial administration" to enter a default judgment as to less than all defendants (citation and quotation marks omitted)). In assessing whether default judgment is appropriate here, this Court is informed by the Supreme Court's decision in *Frow v. De la Vega*, 82 U.S. 552 (1872), which stands for the proposition that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been

PAGE 15 – OPINION AND ORDER

adjudicated with regard to all defendants, or all defendants have defaulted. *See id.* at 554 ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.").

The principle announced in *Frow* and the discretion inherent in Rule 54(b) applies not only to claims dealing with joint liability between parties, but also to circumstances in which counterclaim parties have closely related defenses or are otherwise "similarly situated." *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001). The Ninth Circuit has noted that for "similarly situated" parties, it would be "incongruous and unfair" to allow an opposing party to prevail against a defaulting party on a legal theory rejected by a court with regard to an answering party "in the same action." *Id.* The risk of inconsistency is particularly salient when the entry of default judgment "precede[s] the findings as to the non-defaulting [parties] at the time the case[]" is "originally [being] decided by the district court[ ]." *Garamendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012).

Defendant asserts identical legal claims against Raul Gutierrez as those asserted against Martin Garfias. Those claims are based on the same set of underlying facts, and allege the two men worked in concert to cause Defendant's harms. Clearly both Raul Gutierrez and Martin Garfias are "similarly situated" and may have closely related defenses, creating a real risk the litigation will lead to inconsistent outcomes amongst the parties should the Court grant Defendant's request. *See In re First T.D. & Inv., Inc.*, 253 F.3d at 532. This risk is particularly apparent where, as here, the litigation is still in its early stages, and Defendant's likelihood of success against the answering party Martin Garfias remains unknown. Accordingly, this Court declines to grant Defendant's motion for default judgment as to Raul Gutierrez when such judgment may be inconsistent with later rulings on the merits.

## CONCLUSION

The Court GRANTS IN PART Plaintiff's Motion to Strike, GRANTS IN PART Plaintiff's Motion to Dismiss without prejudice, and DENIES Defendant's Motion for Default Judgment without prejudice. The Court grants leave for Defendant to amend its stricken affirmative defense and its dismissed counterclaims within 30 days of this Opinion & Order. *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED**.

DATED this 3rd day of January, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge